UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALISON H. LOWELL,  )<br>  )<br>     Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CAROLYN W. COLVIN, Acting  )<br>Commissioner of Social Security,[1]  )<br>  )<br>     Defendant  ) | No. 2:11-cv-82-JAW |

### RECOMMENDED DECISION ON MOTION FOR AWARD OF ATTORNEY FEES

The plaintiff moves for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $6,500, in this Social Security benefit application appeal. The defendant does not oppose the application. Defendant's Response to Plaintiff's Motion for Award of § 406(b) Fees (ECF No. 15). The plaintiff's attorney acknowledges his obligation to refund to the plaintiff the fees he obtained in this case under the Equal Access to Justice Act (EAJA), should this motion be granted. Motion for Award of Section 406(b) Attorney Fees ("Motion") (ECF No. 14) at 2. For the reasons that follow, I recommend that the motion be granted.

Because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty, even in the absence of an objection by the commissioner, to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.

court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

This court applied a "lodestar" methodology in calculating the reasonableness of section 406(b) fee requests until Judge Hornby rejected that approach in *Siraco v. Astrue*, 806 F. Supp.2d 272 (D. Me. 2011), concluding that it had distorted the proper analysis by failing "to respect the primacy of lawful attorney-client fee agreements." *Siraco*, 806 F. Supp.2d at 276-77 (citation and internal quotation marks omitted). He explained that the court's analysis should henceforth begin with the requested contingent fee and, if that amount did not exceed the statutory ceiling, the lawyers were successful, and there was no allegation of delay or inadequate representation or that the success was not due to the lawyers' efforts, "[t]hat should be the end of the matter." *Id*. at 277.

All of these requisites are met here. The fee request is consistent with the plaintiff's agreement with her attorney and does not exceed the statutory ceiling. *See* Contingent Fee Agreement (ECF No. 14-3) and Notice of Award (ECF No. 14-1). The plaintiff's attorney was very successful. There is no allegation of delay or inadequate representation or that the plaintiff's success on remand was not due to her attorney's efforts. That is the end of the matter.

Nothing further is required. *See Doyon v. Astrue*, No. 1:09-cv-448-JAW, 2012 WL 1184424 (D. Me. Apr. 6, 2012), *aff'd* April 24, 2012. I recommend that the court **GRANT** the motion and award the plaintiff $6,500.00 (six thousand five hundred dollars) in attorney fees,

with the proviso that the plaintiff's counsel be directed to remit to his client the sum of $2,397 in previously-awarded EAJA fees.

### NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 10th day of October, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge